[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: OBJECTIONS TO ACCEPTANCE OF REPORT OF ATTORNEY TRIAL REFEREE
The plaintiff has filed an objection to the acceptance of report issued by an Attorney Trial Referee ("ATR") filed December 2, 1993. The action arises out of a purchase, by the plaintiff, of a motor vehicle from the defendant. The complaint filed by the plaintiff asserts that the defendant did not comply with certain statutory requirements after the vehicle was returned to the defendant and the plaintiff seeks minimum statutory damages, costs and attorneys fees pursuant to the Uniform Commercial Code ("UCC"), General Statutes 42a-9-507; the Retail Installment Sales Financing Act ("RISFA"), General Statutes 42-98; nominal, actual and substantial punitive damages and attorneys fees under, he Connecticut Unfair Trade Practices Act ("CUTPA".), General Statutes 42-110a, and the Creditor's Collection Practice Act ("CCPA"), General Statutes 36-243a.
The case was referred to an Attorney Trial Referee ("ATR") who found, inter alia, the facts as hereinafter set forth. On October 17, 1988 the defendant sold a used vehicle and the plaintiff's husband took title and registered the vehicle. The plaintiff was the primary user of the vehicle and the names of the plaintiff and her husband were listed as "buyer" and "co-buyer" on the Retail Installment Contract. On or about May 24, 1989, the plaintiff and her husband agreed to voluntarily return the vehicle to the defendant which they did. Upon returning the vehicle, a representative of the defendant told the plaintiff's husband that he might still owe money on the vehicle. The statutory fair market value for the vehicle was $6500.00 at that time of its return. The plaintiff did not receive any notices of repossession, right to redeem, proposed sale or actual sale of the vehicle. The defendant did not give the plaintiff notice of the proposed sale or notice itemizing the deposition of the proceeds. The vehicle was sold at a private sale on November 9, 1989 for $8,427.00. The defendant did not credit the plaintiff with the statutory fair market value of the vehicle before nor after the vehicle was resold. The attorney for the defendant sent two letters to the plaintiff demanding a deficiency of $5,285.07. The first demand letter was sent in August of 1989 to an outdated address and the second demand letter was sent on November 10, 1989 to the plaintiff's correct address. The defendant, having consolidated and moved its dealership, had temporarily misplaced its file relating to the vehicle and had assumed that the vehicle was not sold. On or about February 1991 the defendant found the missing file and directed its attorney to correct the amount of the deficiency balance to $1608.07. In February of 1991, the plaintiff was informed of the sale of the vehicle. CT Page 1440
The ATR then made the following conclusions of law:
1. The plaintiff is a "Retail Buyer" under RISFA, General Statutes 42-83 (3)(h);
2. The voluntary return of the vehicle constituted a "repossession" under RISFA and the UCC statutes;
3. The defendant was obliged to comply with the notice obligations under RISFA, General Statutes 42-98;
4. The defendant failed to comply with the notice obligations under General Statutes 42-98;
5. The defendant's acts did not violate the CCPA or CUTPA;
6. Judgment should enter in favor of the plaintiff in the amount of $885.86 pursuant to RISFA, General Statutes 42-98; and
7. The plaintiff was not entitled to damages under UCC, CCPA or CUTPA and thus was not entitled to either punitive damages or attorney's fees.
The plaintiff has filed an Objection to Acceptance of the Report of the ATR asserting that the ATR erred; 1) in failing to award the "minimum consumer damages set forth in General Statutes 42-9-507; 2) in failing to award attorney's fees under General Statutes 42-150bb; and 3) in concluding that the defendant's failures did not constitute deceptive practices under CUTPA, General Statutes 42-110a, et seq.
General Statutes 42a-9-504 (3) provides as follows:
 "Disposition of the collateral may be by public or private proceedings and may be made byway of one or more contracts. Sale or other disposition maybe as a unit or in parcels and at any time and place and on any terms but every aspect of the disposition including the method, manner, time, place and terms must be commercially reasonable. Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of CT Page 1441 the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor . . ."
RISFA, General Statutes 42-98 provides guidelines for the foreclosure and disposition of goods pursuant to a retail installment contract and provides, in subsection (d), as follows:
 "Compulsory resale. If the retail buyer does not redeem goods within fifteen days after the holder of the contract has retaken possession, the holder of the contract shall sell the goods at public or private sale which sale may be held not less than fifteen days and shall be held not more than one-hundred and eighty days after the retaking. . . . The holder of the contract shall give the retail buyer not less than ten days' written notice of the time and place of any public sale, or the time after which any private sale, or other intended disposition is to be made, either personally or by registered mail or by certified mail receipted for on mailing directed to the retail buyer at his last known place of business or residence. . . . .
The ATR found that the transaction between the parties was a "repossession" by the defendant with a subsequent sale of the repossessed goods and that there was a failure by the defendant to give notice to the plaintiff regarding the sale. Accordingly, the plaintiff claims that there has been a violation of both the UCC, General Statutes 42a-9-504 (3) and RIFSA, General Statutes 42-98 (d). The ATR awarded damages pursuant to RIFSA under General Statutes 42-98 (i) which provides for "actual damages, if any, and in no event less than one-fourth of the sum of all payments which have been made under the contract." The plaintiff claims that she is entitled to recover damages for a violation under the UCC, pursuant to General Statutes 42a-9-507 (1), which provides for damages "in an amount not less than the credit service charge plus ten percent of the principal amount of the debt or the time price differential plus ten percent of the cash price." Thus the plaintiff claims that she is entitled to recover damages under the UCC in the amount of $5,261.14. CT Page 1442
General Statutes 42-83 (1) provides that "(A) transaction subject to this chapter (RIFSA) is also subject to the Uniform Commercial Code, title 42a, but in case of any conflict the provisions of this chapter shall control." Similarly, the UCC also provides, in General Statutes 42a-9-203 (4) that "(A) transaction, although subject to this article, is also subject to sections . . . 42-83
to 42-99, inclusive, . . . and in case of conflict between the provisions of this article and any substatute [substitute] the provisions of such statute control. Failure to comply with any applicable statute has only the effect which is specified therein."
The Second Revised Complaint filed by the plaintiff asserts that the defendant failed to resell the vehicle in a commercially reasonable method manner, time, place or terms as required by General Statutes 42-9-504. However, the report of the ATR contained no factual findings sufficient to support that claim. The plaintiff's claim amounts to an assertion that because the defendant violated notice provisions of RIFSA and the UCC the defendant is exposed for damages under both statutes.
The provisions of General Statutes 42a-9-203 (4) and 42-83 (1) clearly provide that in case of conflict between RIFSA and UCC the provisions of RIFSA will control. Similarly the comment to General Statutes 42a-9-203 (4) clearly indicates that the provisions of the regulatory statutes covering the field of consumer finance prevail over the provisions of the UCC and at the second sentence of the applicable statute was added to make clear that "failure to comply with the applicable regulatory statute has whatever effect may be specified in that statute, but no more." Accordingly, the ATR did not err in failing to award damages under the UCC.
The plaintiff also claims that the defendant, in sending a notice for a deficiency of $5,285.07, even though the deficiency could be no more than $1608.07, constitutes a violation of General Statutes 36-243b which provides that: "(N)o creditor shall use my . . . deceptive or misleading representation, device or practice to collect or attempt to collect any debt." Accordingly, the plaintiff claims that under the regulations issued under General Statutes 36-243b a per se violation of CUTPA exists entitling the plaintiff attorneys fees as a matter of law. Connecticut Regulations of State Agencies 36-243c-7 provides as follows:
 "A creditor shall not be found to violate any provisions of these regulations if a creditor CT Page 1443 proves by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error."
The ATR specifically found that the defendant had consolidated and moved its dealership and had temporarily misplaced its file and assumed that the vehicle had not been sold. The discussion contained in the report of the ATR notes that the defendant claimed there was no fraud, deliberate deception or willful misconduct; that it acted in good faith and that the first deficiency letter was sent based upon the best available information. With reference the second letter the Attorney Trial Referee notes that it was dated one day after the sale took place which would not have allowed sufficient time for the attorney to have become aware the sale. The ATR also notes that when the defendant discovered the missing files the plaintiff, through counsel, was promptly notified of the lesser amount after the credit of the sale was given. Based upon all the testimony the ATR concluded that the conduct of the defendant did not amount to unfair collection practice or violation of CUTPA.
Based upon the ATR Report, the court cannot conclude as a matter of law that attorney's fees are mandated under CUTPA. The plaintiff also objects to the acceptance of the Report on the ground that she is entitled to attorney's fees pursuant to the provisions of General Statutes 42-150bb which relates to an award of attorney's foes in action based upon a consumer contract or lease. However, the Second Revised Complaint does not assert a claim for damages under that statute nor does it appear that the ATR reviewed or decided that issue.
Accordingly, the objections to the acceptance of the Report are hereby overruled.
RUSH, J.